■ In the Matter of PETROS BALASKAS, Appellant, v MARGARET A. HAMBURG, as Commissioner of Health of the City of New York, Respondent. [603 NYS2d 835] —Judgment of the Supreme Court, New York County (Eugene Nardelli, J.), entered June 26, 1992, which denied the within petition and dismissed the within CPLR article 78 proceeding seeking the annulment of respondent's determination denying petitioner a renewal of his mobile food vendor's license and permit, unanimously reversed on the law, the determination annulled and the matter remanded to respondent for the processing of petitioner's renewal application, without costs.

For 22 years petitioner, Petros Balaskas, made his living vending food from a cart; it was a business in which the petitioner was authorized to engage by reason of respondent's issuance to him and periodic renewal thereafter of a mobile food vendor license and a mobile food vendor permit. By letter dated April 30, 1992, respondent notified the petitioner that his application for renewal of his license and permit submitted on April 9, 1992 was not timely and, accordingly, could not be considered. As is here relevant, the April 30, 1992 letter stated: "Please be informed that both section 17-310 (a) of the New York City Administrative Code and section 89.03 (i) of the New York City Health Code require that applications

for the renewal of a mobile food vendor license or permit 'shall be filed' with the Department 'at least thirty days prior to the expiration date of the existing license or permit.' You have failed to comply with these provisions by not submitting your completed renewal application to the Department within the specified time, and, accordingly, permit # 06-019759 has expired. This Department is not authorized to waive Administrative Code requirements or reissue mobile food vendor permits that have expired."

It is undisputed that, at the time of this communication, the petitioner's license and permit, as well as those of all other mobile food vendors originally due to expire January 31, 1992, had been extended to May 15, 1992. The extension to May 15 was only the latest such prolongation of the life of licenses and permits bearing an expiration date of January 31, 1992, respondent having earlier issued a notice stating that due to delays in obtaining tax clearance documents, the deadline for filing applications for permit and license renewals would be extended from December 31, 1991 to February 28, 1992.

From the respondent's own actions we can gather only that while it may feel bound by the time limitations set forth in the Administrative Code, it does not view those limitations as restricting its authority to extend either the useful life of its licenses and permits or the period within which their renewal may be sought. This being the case, we are at a loss to understand why the rejection of the petitioner's renewal application would have been, as the respondent has claimed, mandated by law. The Administrative Code requires only that renewal applications be filed 30 days in advance of the expiration of the existing license. If, as respondent does not and, indeed, cannot deny, this provision in no way limits its authority to extend the life of a permit or license or to extend the period to apply for renewal, it follows that there is no legal impediment to the agency's consideration of any renewal application, so long as it is made 30 days prior to its expiration, regardless of whether the date of expiration is as originally set or as subsequently extended. There can, then, have been no legal obstacle to the consideration of the petitioner's renewal application submitted as it was over 30 days prior to the expiration of his license on May 15, 1992. The determination of the agency to deny consideration of the application in circumstances where its own actions belied its disclaimer of authority to do so was arbitrary and capricious, and inasmuch as the denial is based upon the plainly erroneous disclaimer the subject determination must be annulled.

It is important to stress that we do not question respondent's prerogative to set and enforce a deadline for renewal applications, so long as the deadline is, as the Administrative Code requires, at least 30 days in advance of the expiration date set by the respondent. The basis of our determination is rather that, given the extent of this prerogative, there can be no claim by the respondent that its rejection of a renewal application made more than 30 days prior to the expiration of a license or permit is required by law. As respondent's mistaken claim of legal disability, rather than any reliance on its discretionary powers, was the singular basis for its rejection of petitioner's renewal application,* we remand with the instruction that the application be processed.

In so directing, we note that there is no indication that an appropriate exercise of discretion would have led to a different result. As noted, petitioner, aged 60 at the time his renewal application was rejected, has held a vendor's license and permit for 22 years. His failure to apply for renewal prior to the February 28, 1992 deadline was attributable to an extended hospitalization in his native Greece, where he had the misfortune to fracture his skull. Respondent's denial of petitioner's renewal application would effectively end his career as a mobile food vendor, since there is currently a list of more than 7,000 awaiting the availability of vending permits from the pool of 3,000 such permits respondent is authorized to issue. To deprive a 60 year-old immigrant of the only livelihood he has known for more than two decades for failure, under the circumstances here obtaining, to meet a filing deadline not mandated by law, would be hard to justify, even as a discretionary exercise. Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.

---

* Indeed, after citing the Administrative Code section she believed required the rejection of the petitioner's application, the Acting Commissioner concluded her letter of April 30, 1992 by expressing her "regret" that the department was "unable" to accept the petitioner's renewal application.